**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          Case No. 3:13-cv-674-J-32JRK

KAREN PAULETTE RICHARDSON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Motion for Entry of Default Judgment (Doc. No. 10; "Motion"), filed July 25, 2013.[2] Plaintiff initiated this action by filing the Complaint (Doc. No. 1) on June 11, 2013. Defendant was served with process on June 18, 2013. See Return of Service (Doc. No. 6), filed June 25, 2013. On July 17, 2013, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in this case. See Application and Declaration for Entry of Defendant's Default (Doc. No. 7). The Clerk of the Court entered default against Defendant on July 19, 2013. See Entry of Default (Doc. No. 9). Thereafter, the instant Motion was filed.

After Defendant failed to respond to the Motion within the time permitted by the Federal Rules of Civil Procedure ("Rule(s)"), an Order (Doc. No. 11) was entered on August 29, 2013 taking the Motion under advisement and directing Defendant to file a response by

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] Plaintiff certifies that a copy of the Motion was mailed to Defendant on July 25, 2013. Motion at 3.

September 24, 2013 ("August 29, 2013 Order"). In that same Order, Plaintiff was directed to file "a copy of the contract upon which it relies for an award of attorney's fees, or legal authority supporting its request for fees, or a notice advising that it will not seek an award of attorney's fees." August 29, 2013 Order at 2. Plaintiff complied by filing copies of executed contracts reflecting Plaintiff's basis for its attorney's fees request. See Notice of Filing (Doc. No. 12), filed September 11, 2013. To date, Defendant has not filed a response to the Motion or otherwise appeared in this matter. The Motion, therefore, is deemed unopposed.

### I. Applicable Law

Rule 55 provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[3] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

## **II. Discussion**

The undersigned initially discusses whether entry of a default judgment is appropriate, followed by a discussion of Plaintiff's requests for attorney's fees and costs.

### **A. Default Judgment**

Plaintiff initiated the instant suit to reduce Defendant's defaulted student loan debts to judgment. See Compl. (Doc. No. 1), filed June 11, 2013. The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States. See 28 U.S.C. § 1345 (providing district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States").[4]  The Court must now ensure that Plaintiff has stated a valid cause of action.

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note[s]; (2) [the] United States is the present holder of the note[s]; and (3) the note[s are] in default." United States v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished report and recommendation), adopted, 2012 WL 933206 (Mar. 20, 2012) (unpublished); see United States v. Carter, 506 F. App'x 853, 858 (11th Cir. 2013) (unpublished Table decision).

Attached to the Complaint is a sworn Certificate of Indebtedness from the U.S. Department of Education (Doc. No. 1, p. 3; "Certificate of Indebtedness"). Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is part

---

[4] In the Declaration for Entry of Default Judgment (Doc. No. 10), at 8-9, that is attached to the Motion, Plaintiff's counsel certifies that Defendant is not an active member of the military service of the United States of America and she is not an infant or incompetent person. To the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.

thereof for all purposes." Fed. R. Civ. P. 10(c). The Certificate of Indebtedness, therefore, is considered to be part of the Complaint. The Certificate of Indebtedness reflects that on various dates between 1981 and 1983, Defendant executed promissory notes, that the United States now holds the notes, and that Defendant is in default on the notes. Certificate of Indebtedness at 1. The Certificate of Indebtedness also reflects that as of June 29, 2010, Defendant owes Plaintiff $10,374.45 in principal and $11,780.08 in interest, for a total of $22,154.53. Id.; see Compl. at 1 (indicating that Defendant owes $10,374.45 in principal and $14,281.88 in "current capitalized interest balance and accrued interest," for a total of $24,656.33 (capitalization and emphasis omitted)). Plaintiff further indicates in the Complaint that "[d]emand has been made upon [ D]efendant for payment of the indebtedness, and [ D]efendant has neglected and refused to pay the same." Compl. at 2. In addition to the relief outlined above, Plaintiff seeks "prejudgment interest [accruing at the rate of 9% per annum or $2.56 per day] through the date of judgment, all administrative costs allowed by law, [] post-judgment interest pursuant to 28 U.S.C. § 1961[, and] that interest on the judgment be at the legal rate until paid in full," as well as attorneys' fees and such other relief as may be warranted. Compl. at 2; see Motion at 2.

By failing to answer or otherwise respond to the Complaint, Defendant is deemed to have admitted that she signed the promissory notes, that the United States is the present holder of the notes, and that the notes are in default. Accordingly, the undersigned finds that Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of default judgment.

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to decide the amount of damages.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).  When the essential evidence regarding damages is before a court, a hearing on damages may be unnecessary.  See Smyth, 420 F.3d at 1232 n.13.  Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court.  See id.  As noted above, the sworn Certificate of Indebtedness establishes that as of June 29, 2010, Defendant owes Plaintiff the following:

| | |
|---|---|
| Principal: | $10,374.45 |
| Interest as of 6/29/2010: | $11,780.08[5] |
| Total: | $22,154.53 |

Plaintiff is also entitled to prejudgment interest accruing on the total principal amount at the rate of 9% per annum ($2.56 per day) beginning on June 30, 2010 through the date judgment is entered, plus post-judgment interest from the date of judgment at the legal rate established by 28 U.S.C. § 1961.

### B. Attorney's Fees and Costs

Plaintiff requests attorney's fees in the amount of $1340.00 ($200 per hour x 6.7 hours). See Declaration of Attorney's Fees (Doc. No. 10) at pp. 6-7 ("Declaration").  Plaintiff bases this request on the promissory notes signed by Plaintiff that include the following

---

[5] The amount of interest sought in the body of the Complaint is $14,281.88.  Compl. at 1.  It is not clear how Plaintiff arrived at that number.  The undersigned, therefore, recommends calculating the accrued interest using the amount in the sworn Certificate of Indebtedness.

language: "[Plaintiff] promise[s] to pay . . . all reasonable attorney's fees[] and other costs and charges necessary for the collection of any amount not paid when due." Notice of Filing (Doc. No. 12), at 3, 5, 7, 9; see id. at 11 (reflecting similar language). A review of the Declaration, the remainder of the file, and the applicable law reflects that the hourly rate of $200 is reasonable.[6] The hours expended are also reasonable with one exception: Plaintiff seeks fees for two hours to be spent in the future on "Post Judgment Collection." Decl. at 7. Plaintiff cannot collect attorney's fees now for hours it may expend in the future. See Whitney Bank v. Point Clear Dev., LLC, No. 11-0657-WS-M, 2012 WL 2277597, at *7 n.13 (S.D. Ala. June 18, 2012) (unpublished) (citing cases finding the same). The undersigned, therefore, recommends that only 4.7 hours be awarded for a total of $940.

Finally, incorporated into the Motion is a "Bill of Costs." Motion at 2. Plaintiff requests $45.00 in costs for "fee for service and travel." Id. (capitalization omitted). Pursuant to Rule 54(d), "costs should be allowed to the prevailing party" unless there is a court order, United States statute, or Rule to the contrary. The recovery of costs is subject to the Court's broad discretion, Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991), and is limited to those costs expressly provided for by statute, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The service of process fee is a taxable cost. See 28 U.S.C. § 1921. The $45 service of process fee appearing reasonable and appropriately sought should be awarded.

---

[6] The undersigned also recognizes that Plaintiff's counsel has been awarded a $200 hourly rate in similar cases in this District. See United States v. Ritchie, No. 3:13-cv-676-J-34JBT (Doc. Nos. 12, 13) (M.D. Fla. 2013); United States v. Muldrow, No. 6:13-cv-881-Orl-37TBS (Doc. Nos. 12, 13) (M.D. Fla. 2013).

### III.  Conclusion

Upon review of the Motion and the file, the undersigned finds that Plaintiff has met the requirements for entry of a default judgment against Defendant.  Accordingly, it is

**RECOMMENDED:**

1. That the Motion for Entry of Default Judgment (Doc. No. 10) be **GRANTED in part and DENIED in part**.

2. That the Motion be **GRANTED to the extent** that the Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts: $10,374.45 in principal; $11,780.08 in prejudgment interest as of June 29, 2010; prejudgment interest on the total principal amount at the rate of 9% per annum ($2.56 per day) beginning on June 30, 2010 through the date judgment is entered; post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961; $940 in attorney's fees; and $45 in costs.

3. That the remainder of the Motion be **DENIED**.

4. That the proposed "Default Final Judgment" (Doc. No. 10), at 10-11, attached to the Motion be **STRICKEN**.

5. That the Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 6, 2013.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Karen Paulette Richardson
1131 Durkee Drive
Jacksonville, FL 32209